E-filing

FILED 4/8/08 PAT. BRUNE, CLK. U.S. DISTRICT COURT WEST DISTRICT OF MISSOURI JB

| PROB 22 (Rev. 2/88) TRANSFER OF JURISDICTION | | DOCKET NUMBER *(Tran. Court)* 90-00137-01-CR-W-HFS | |
|---|---|---|---|
| | | DOCKET NUMBER *(Rec. Court)* CR08-0159 SBA | |
| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE<br>Christopher Hawthorne<br>(a.k.a. Xavier Bratton, a.k.a. Kre-Kre)<br>842 46th Street<br>Oakland, CA 94608-3416 | DISTRICT<br>Western Missouri | DIVISION<br>Western | |
| | NAME OF SENTENCING JUDGE<br>The Honorable Howard F. Sachs | | |
| | DATES OF PROBATION /SUPERVISED RELEASE: | FROM<br>July 24, 2008 | TO<br>July 23, 2013 |

ORIGINAL FILED MAR 13 2008 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA OAKLAND

OFFENSE

Possession With Intent to Distribute Cocaine Base in an Amount Greater Than 50 Grams

FILED MAY - 5 2008 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA OAKLAND

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the **NORTHERN DISTRICT OF CALIFORNIA** upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

1/11/08
Date

Howard F. Sachs
Howard F. Sachs, Senior U.S. District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE **NORTHERN DISTRICT OF CALIFORNIA**

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

3-11-08
Effective Date

United States District Judge

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 90-00137-01-CR-W-6 |
| v. | ) | COUNT ONE: |
| | ) | 21 U.S.C. §§ 841(a)(1) and |
| CHRISTOPHER HAWTHORNE, | ) | (b)(1)(A) |
| a/k/a "XAVIER BRATTON", | ) | NLT 10 Years, NMT Life and |
| [DOB: 07/15/70] | ) | $4,000,000 Fine |
| | ) | NLT 5 Years Supervised Release |
| Defendant. | ) | Class A Felony |
| | ) | |
| | ) | COUNT TWO: |
| | ) | 18 U.S.C. § 1952 |
| | ) | NMT 5 Years, $250,000 Fine |
| | ) | NLT 2 Years, NMT 3 Years |
| | ) | Supervised Release |
| | ) | Class D Felony |
| | ) | |
| | ) | $50 Special Assessment, |
| | ) | Each Count |

I N D I C T M E N T

THE GRAND JURY CHARGES THAT:

COUNT ONE

On or about June 8, 1990, in the Western District of Missouri, CHRISTOPHER HAWTHORNE, a/k/a "XAVIER BRATTON", defendant herein, did knowingly possess with intent to distribute cocaine base ("crack"), a Schedule II controlled substance, in an amount greater than 50 grams; all in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

COUNT TWO

Between June 6, 1990 and June 8, 1990, said dates being approximate, CHRISTOPHER HAWTHORNE, a/k/a "XAVIER BRATTON", defendant herein, did knowingly and intentionally travel in

interstate commerce from the State of California to Kansas City, Missouri, in the Western District of Missouri, with the intent to carry on and facilitate the carrying on of an unlawful activity, that is, a business enterprise involving controlled substances, to wit: the possession with intent to distribute cocaine, a Schedule II controlled substance, and thereafter did attempt with others to carry on such unlawful activity; all in violation of Title 18, United States Code, Sections 1952 and 2.

A TRUE BILL

*Gwendolyn L. Caldwen*
FOREPERSON OF THE GRAND JURY

MARK A. MILLER   #30488
Assistant United States Attorney

AO 245 S (Rev. 4/90) Sheet 1 - Judgment in a Criminal Case

# United States District Court

__WESTERN__ District of __MISSOURI__

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| --- | --- |
| V. | (For Offenses Committed On or After November 1, 1987) |
| CHRISTOPHER HAWTHORNE | Case Number: 90-00137-01-CR-W-6 |
| a/k/a Xavier Bratton, a/k/a Kre-Kre | Lloyd Koelker |
| (Name of Defendant) | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) __conditional plea on count 1 on September 27, 1990__.
☐ was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
| --- | --- | --- | --- |
| 21 U.S.C. 841(a)(1) and (b)(1)(A) | Possession with Intent to Distribute Cocaine Base in an Amount Greater Than 50 Grams. | 6/8/90 | 1 |

**ECF DOCUMENT**
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the Western District of Missouri.
Date filed: 5/7/91
P.L. BRUNE, CLERK  /s/ Melanie B.

The defendant is sentenced as provided in pages 2 through __5(a)__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____ and is discharged as to such count(s).
☒ Count(s) __two(2)__ (is)(are) dismissed on the motion of the United States.
☒ It is ordered that the defendant shall pay a special assessment of $ __50.00__, for count(s) __count 1__, which shall be due ☒ immediately ☐ as follows:

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 07-15-70

Defendant's Mailing Address:
12109 S. Menlo
Los Angeles California 90044

Defendant's Residence Address:
St. Clair County Jail
Osceola, Missouri 64776

May 6, 1991
Date of Imposition of Sentence

/s/ Howard F. Sachs
Signature of Judicial Officer

Howard F. Sachs, United States District Judge
Name & Title of Judicial Officer

May 7, 1991
Date

AO 245 S (Rev. 4/90) Sheet 2 - Imprisonment

Defendant: CHRISTOPHER HAWTHORNE
Case Number: 90-00137-01-CR-W-6

Judgment—Page __2__ of __5(a)__

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of __292 months (24 years, four months)__.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States marshal.
☐ The defendant shall surrender to the United States marshal for this district.
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  ☐ as notified by the United States marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States marshal.
  ☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

000017

AO 245 S (Rev. 4/90) Sheet 3 - Supervised Release

Defendant:   CHRISTOPHER HAWTHORNE          Judgment—Page __3__ of __5(a)__
Case Number: 90-00137-01-CR-W-6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____

five (5) years.

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

☐ The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

☐ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

☐ The defendant shall not possess a firearm or destructive device.

1. Defendant shall participate in any drug abuse treatment and testing program deemed suitable by the Probation Office;
2. Defendant shall report to the Probation Office within 72 hours of release;
3. Defendant shall pay any remaining balance due on the fine during the period of release, on a schedule approved by the Probation Office.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

000018

AO 245 S (Rev. 4/90) Sheet 5 - Fine

Defendant: CHRISTOPHER HAWTHORNE
Case Number: 90-00137-01-CR-W-6

Judgment—Page 4 of 5(a)

## FINE

The defendant shall pay a fine of $ 3,050. ~~This fine includes any costs of incarceration and/or supervision.~~

[X] This amount is the total of the fines imposed on individual counts, as follows:
A $50 special assessment is imposed, under count 1.
A $3,000 fine without interest is imposed payable out of prison earnings.

[X] The court has determined that the defendant does not have the ability to pay interest. It is ordered that:

    [X] The interest requirement is waived.
    [ ] The interest requirement is modified as follows:

This fine plus any interest required shall be paid:
[ ] in full immediately.
[ ] in full not later than _____
[ ] in equal monthly installments over a period of _____ months. The first payment is due on the date of this judgment. Subsequent payments are due monthly thereafter.
[ ] in installments according to the following schedule of payments:

Defendant shall pay any remaining balance due on the fine during the period of release, on a schedule approved by the Probation Office.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

000019

* U S GPO 1990 722 448

Defendant: CHRISTOPHER HAWTHORNE   Judgment—Page __5__ of __5(a)__
Case Number: 90-00137-01-CR-W-6

## STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

OR

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

See attachment

**Guideline Range Determined by the Court:**

Total Offense Level: __38__

Criminal History Category: __III__

Imprisonment Range: __292__ to __365__ months

Supervised Release Range: ____ to __5__ *years    *A term of supervised release of at least five years is required by statute.

Fine Range: $ __17,500__ to $ __4,000,000__

☒ Fine is ~~waived or is~~ below the guideline range, because of the defendant's ~~ability~~ to pay.

Restitution: $ _____

☐ Full restitution is not ordered for the following reason(s):


☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

☒ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

See attachment

OR

The sentence departs from the guideline range

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following reason(s):

CHRISTOPHER HAWTHORNE                                   Page 5(a) of 5(a)
90-00137-01-CR-W-6

    As findings of fact the court adopts the presentence report, except that the court concludes that admissions of prior possession of cocaine base or crack shall be included to arrive at an offense level of 40 (reduced to 38 for acceptance of responsibility). The court disagrees with the Probation Office discounting of the 10 additional kilograms of cocaine base because there was no agreement by law enforcement agents to give protection against such an admission, there was no formal agreement to cooperate then existent, and defendant was affirmatively warned that admissions could be used against him.

    The court disagrees with defendant's contention that his criminal record calculation is not representative. While the court believes the sentence is excessive it is deemed required for full compliance with the policies of the Sentencing Guidelines.

000021

# U.S. District Court
## United States District Court for the Western District of Missouri (Kansas City)
### CRIMINAL DOCKET FOR CASE #: 4:90-cn-00137 All Defendants

Case title: USA, et al v. Hawthorne

Date Filed: 02/09/1993

Assigned to: Judge Howard F. Sachs

**Defendant (1)**

**Christopher - Hawthorne**
*also known as*
Xavier Bratton

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

None

**Disposition**

**Plaintiff**

USA

| Date Filed | # | Docket Text |
|---|---|---|
| 02/09/1993 | | COURTRAN REMARK - This is a continuation of a COURTRAN docket sheet. Previous entries can be found on COURTRAN microfiche. (Kelly McIlvain) (Entered: 02/22/1993) |
| 02/09/1993 | 1 | CERTIFIED copy of judgment and order from USCA ORDERED THAT jgm of the district court is affirmed; Mandate issued: 2/4/93 ;Appeal |

| | | |
|---|---|---|
| | | record due 3/11/93 (cc: all counsel) (Kelly McIlvain) (Entered: 02/22/1993) |
| 02/09/1993 | 2 | LETTER to the U.S. Marshal re Dft Christopher Hawthorne (Kelly McIlvain) (Entered: 02/22/1993) |
| 01/18/2008 | 3 | ORDER MODIFYING Conditions of Supervised Release as to Christopher Hawthorne signed by Judge Howard F. Sachs on 1/18/2008. (Moritz, Julie) (Entered: 01/18/2008) |
| 04/08/2008 | 4 | PROBATION JURISDICTION transferred to Northern District of California as to Christopher - Hawthorne Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (Beard, Melanie) (Entered: 04/17/2008) |